UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAR WILLIAMS,<br><br>            Plaintiff,<br><br>        v.<br><br>KERN STATE PRISON, et al.,<br><br>            Defendants. | No.  1:24-cv-00556 GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 10) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a motion for the appointment of counsel.  ECF No. 10.  For the reasons stated below, the motion will be denied.

I.      PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel he states, in part, that his case is complex and that the legal issues in it needs to be "articulate by an attorney."  ECF No. 10 at 1.  He also states that he is an indigent applicant and that appointing counsel will enable him to have help with his amended complaint or set grounds for summary judgment or preliminary injunction.  Id.

1

## II. APPLICABLE LAW

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

## III. DISCUSSION

Plaintiff's motion for the appointment of counsel will be denied for several reasons. First, because Plaintiff's amended complaint has not yet been screened, it is unclear what the likelihood of success it will have on its merits. Second, a review of Plaintiff's original complaint, as well as of the Court's screening order for it, indicates that Plaintiff's ability to articulate the claims in his complaint is not at issue. In the screening of the original complaint, the Court found that the pleading was deficient for simple, readily addressable reasons like the lack of dates for the alleged constitutional violations and an apparent failure to exhaust administrative remedies. See ECF No. 8 at 3-4 (screening order).

Finally, circumstances common to most prisoners, such as lack of legal education, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. For these reasons, having considered the factors under Palmer, the Court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 10) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 29, 2025**                             **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE