# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAR WILLIAMS,<br><br>            Plaintiff,<br><br>    v.<br><br>KERN STATE PRISON, et al.,<br><br>            Defendant. | Case No.  1:24-cv-556-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Charmar Williams ("Plaintiff") is a state prisoner and is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This case was recently reassigned to the undersigned. The Court screened Plaintiff's complaint and the first amended complaint, and Plaintiff was granted leave to amend. Plaintiff's second amended complaint is currently before the Court for screening. (ECF No. 14.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed in Kern Valley State Prison where the events in the second amended complaint are alleged to have occurred. Plaintiff names as defendants (1) Kern State Prison Correction Healthcare, (2) Medina, correctional staff, (3) Melinda Chao, chief medical staff, (4) Ramirez, correctional officer, (5) E. Perito, correctional officer, and (6) Pfeiffer, Warden.

In claim 1, Plaintiff alleged medical neglect, misconduct deliberate indifference, abuse of authority and cruel and unusual punishment for grievance. Plaintiff alleges:

> "The abuse of authority, and misconduct with retaliation by staff is all, and more of defendants name in civil complaint Melinda Chau did not provide any meaningful medical representation that aggravated pain in hand after the abuse by staff members extreme force by Medina along with Byard prejudiced cover up maliciously to cause suffering. C/O E. Perito deprived and lost property never return P.C. 485 this intent to punish mental suffering deliberate indifference. C/O Ramirez retaliation with missing property was remove when sent to ASU in retaliation. Nerve damage in hand with lost property that has never been return after grievance being granted. The abuse of authority continue with little oversight with protection to keep abuse of authority going."

In claim 2, Plaintiff alleges PC 485 lost property never returned, retaliation for filing

grievance and staff misconduct and a fake investigation. Plaintiff alleges:

> "Aggravated pain in hand nerved damage due to abuse of authority no meaningful medical representation during misconduct. I have sent all grievance with all defendant from medical to institution staff. All misconduct has been documented, and sent to this court. Let the record know that outside medical records for nerve damage to hand has not been sent to Plaintiff. Administration failed to protect Plaintiff from the abuse by authority with medical neglect, and retaliation, and violation of right to file grievance without reprisal from staff. Melinda, Perito, Ramirez, Medina, Pfeiffer all part of recklessness amounting to deliberate indifference. The cause mental suffering and was maliciously sadistically to cause harm. Intent was to cause Plaintiff harm oppressively with deliberate intent. Abuse of authority with cover up retaliation with damage property, and lost property never return.

Plaintiff asks for appointment of counsel and damages.

As remedies, Plaintiff seeks appointment of counsel and monetary damages.

## III.    Discussion

Plaintiff's second amended complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

### Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's second complaint is short, but it is not a plain statement of his claims. While it identifies the specific claims, the allegations are conclusory as to what happened and who was involved. Like his first amended complaint, it is unclear what Plaintiff is complaining about in the second amended complaint. Plaintiff failed to clearly state factual support for what happened, when it happened, and who was involved. As Plaintiff was informed, he must allege what each

3

defendant did that violated his rights.  Plaintiff does not allege factual support as to what each defendant did or did not do to violate his rights. General assertions regarding Plaintiff's rights are not sufficient, and Plaintiff may not merely state he was denied rights without stating the factual support for denial of those right. The Court cannot determine what happened to Plaintiff.  The second amended complaint includes fewer facts that the prior complaints.

In addition, Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Plaintiff must link each defendant to purported constitutional violations.  Plaintiff has been unable to cure this deficiency

**Supervisory Liability**

Insofar as Plaintiff is attempting to sue Defendant Warden, or any other defendant, based on his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty.*, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Here, Plaintiff has failed to establish that Defendant Warden, or other supervisor, participated in or directed any constitutional violation or that he implemented a policy so deficient that it was the moving force of any constitutional violation.

**Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not state unrelated claims, arising on different dates, regarding different claims, such as loss of property, denial of medical care, retaliation violations, and other claims. Merely because Plaintiff was housed at Kern Valley State Prison when the incidents occurred does not make every injury or incident related. Separate unrelated claims must be filed in separate lawsuits. Plaintiff has been unable to cure this deficiency.

**Eleventh Amendment**

Plaintiff names Kern State Prison Correction Healthcare as a defendant. "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. Of Regents*, 535 U.S. 613, 616 (2002). (citation omitted); see *Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson*, 616 F.3d at 1065–66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Buckwalter v. Nevada Bd. Of Medical Examiners*, 678 F.3d 737, 740 n. 1 (9th Cir. 2012).

A state agency is entitled to the same Eleventh Amendment immunity enjoyed by the

State when a judgment against the agency "would have had essentially the same practical consequences as a judgment against the State itself." *Lake Country Estates, Inc. v. Tahoe Regional Planning* Agency, 440 U.S. 391, 401 (1979). Accordingly, because Kern Valley State Prison is part of the California Department of Corrections and Rehabilitation, which is a state agency, it is also entitled to Eleventh Amendment immunity from suit.

**Eighth Amendment – Deliberate Indifference to Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to

6

deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to allege a cognizable claim. Plaintiff fails to allege that each defendant "knows of and disregards an excessive risk to inmate health or safety." It is unclear what each defendant did related to Plaintiff's medical care. Plaintiff has been unable to cure this deficiency.

**Fourteenth Amendment Denial of Due Process**

Insofar as Plaintiff also alleges that any Defendant wrongfully destroyed or took his property, these allegations also are not sufficient to support a cognizable claim. Prisoners have a protected interest in their personal property. *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

As Plaintiff alleges that the conduct was an unauthorized deprivation of property, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. *Id.* Plaintiff has an adequate post-deprivation remedy available under California law. *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

**First Amendment – Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to

petition the government may support a 1983 claim. *Rizzo v. Dawson*, 778 F.2d 5527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff fails to state a cognizable claim. Plaintiff has failed to allege the facts for each of the elements of a claim for retaliation. Plaintiff's allegations are conclusory as to any protected conduct he in engaged in or fails to allege he engaged in protected conduct. Plaintiff fails to allege who retaliated against him. Plaintiff fails to allege that any conduct chilled Plaintiff's First Amendment rights or that it did not reasonably advance a legitimate correctional goal. Further, this claim is improperly joined. Plaintiff has been unable to cure this deficiency.

**State Law Claim – Medical Malpractice**

To the extent Plaintiff alleges a medical malpractice claim, the complaint does not allege that Plaintiff complied with the exhaustion requirements of the Government Claims Act ("GCA") as to his pendent state law claim.[1] Cal. Gov't Code §§ 905, 905.2, 910, 911.2, 945.4, 950–950.2. Plaintiff is informed that the California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Super. Ct. of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209 (2007).

To state a tort claim against a public employee, a plaintiff must allege compliance with the

---

[1] This exhaustion requirement is separate and apart from the exhaustion requirement under the Prison Litigation Reform Act.

8

1  GCA. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal. 4th at 1244. "[F]ailure to allege facts
2  demonstrating or excusing compliance with the requirement subjects a complaint to general
3  demurrer for failure to state a cause of action." *Bodde*, 32 Cal.4th at 1239. Because Plaintiff does
4  not affirmatively allege compliance with the GCA, the complaint facially fails to state a tort claim
5  for medical malpractice.  Plaintiff will be given leave to amend to cure this deficiency to extent
6  he may do so in good faith.

7  **IV.     Motion to Appoint Counsel**

8  Plaintiff is advised that does not have a constitutional right to appointed counsel in this
9  action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154
10 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent Plaintiff
11 pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S.
12 296, 298 (1989). However, in certain exceptional circumstances the Court may request the
13 voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a
14 reasonable method of securing and compensating counsel, the Court will seek volunteer counsel
15 only in the most serious and exceptional cases. In determining whether "exceptional
16 circumstances exist, a district court must evaluate both the likelihood of success on the merits
17 [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
18 legal issues involved." Id. (internal quotation marks and citations omitted).

19 In the present case, the Court does not find the required exceptional circumstances. Even
20 if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
21 which, if proved, would entitle him to relief, his case is not exceptional. His indigent status and
22 incarceration are not sufficient to make this case exceptional. This Court is faced with similar
23 cases almost daily from indigent, incarcerated plaintiffs proceeding pro se. These litigants also
24 must conduct legal research, pay for photocopies, and litigate their cases without the assistance of
25 counsel.

26 Furthermore, at this early stage in the proceedings, the Court cannot make a determination
27 that Plaintiff is likely to succeed on the merits. The second amended complaint has been screened,
28 and found not to state a cognizable claim, and no defendants have appeared. There also is no

indication from the record that Plaintiff is unable to articulate his claims pro se. Plaintiff's request for appointment of counsel will therefore be denied without prejudice.

### V.      Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his amended complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 20, 2025**           /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

10