**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARMAR WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN STATE PRISON, *et al.*,<br><br>　　　　　Defendants. | No. 1:24-cv-00556-JLT-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 16) |

　　　　Charmar Williams is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On November 20, 2025, the assigned magistrate judge screened the second amended complaint and issued findings and recommendations that this action be dismissed for failure to state a cognizable claim upon which relief may be granted. (Doc. 16.) In his objections, Plaintiff repeats the same conclusory allegations raised in the second amended complaint and expresses his disagreement with the magistrate judge's findings and recommendations. Plaintiff's objections present no basis for rejecting the findings and recommendations.

　　　　According to the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on November 20, 2025, (Doc. 16), are **ADOPTED IN FULL**.
2. This action is dismissed with prejudice[1] for failure to state a cognizable claim upon which relief may be granted.
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 31, 2025**

/s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

---

[1] The findings and recommendations generally recommend denial of leave to amend because Plaintiff was provided with the relevant pleading and legal standards previously yet has been unable to cure the deficiencies identified by the Court. (Doc. 16 at 10.) In one section, however, the findings and recommendations indicate leave to amend is appropriate as to the state law claim for medical malpractice. This appears to be a typographical error and/or a holdover from the text of the screening order. Regardless, to the extent the magistrate judge is recommending leave to amend as to that claim, the Court declines to adopt that recommendation and finds instead that it is not appropriate to afford Plaintiff another opportunity to amend any of his claims because he has been unable to cure the previously identified deficiencies.

2